IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EDWARDSVILLE COMMUNITY UNIT**
**SCHOOL DISTRICT #7,**

    **Plaintiff,**

v.                                **No. 11-cv-806-DRH-DGW**

**K&S ASSOCIATES, INC.,**

    **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is plaintiff's motion to remand (Doc. 11) and memorandum in support (Doc. 12). Defendant naturally opposes remand (Doc. 18). As the agreement forming the relevant relationship among the parties contains a valid forum selection clause, the Court grants plaintiff's motion.

## I.     INTRODUCTION

The instant dispute arises from the parties' contractual relationship formed in September of 2007 (Doc. 2-1, p. 2). Plaintiff is a community unit school district located in Madison County, Illinois. Defendant is a Missouri corporation with its principal place of business in Missouri. In August 2007, plaintiff sought bids for the construction of two elementary school buildings (Doc. 12, p. 1). The $21,141,000.00 construction contract, ultimately awarded to defendant, contains

a forum selection clause included as an amendment. The forum selection clause states:

> DISPUTE RESOLUTION. All references to arbitration are hereby deemed deleted. If a controversy or claim involving Contractor and either or both of Owner and Architect is not settled by means of negotiation, then the controversy or claim shall be resolved in accordance with the Dispute Resolution subject to procedures of Article 7 of the agreement between Architect and Owner, which calls for non-binding mediation followed by proceedings in court if mediation is not successful in resolving the controversy or claim. **The parties agree that the forum for any judicial proceedings, if any, shall be the Madison County Circuit Court.** A copy of the above-referenced Article 7 is hereto [sic] as "Amendment to Contract No. 1.

(Doc. 11-2, p. 10) (emphasis added).

The parties dispute the adequacy of defendant's performance under the contract. An unsuccessful attempt at dispute resolution through mediation ensued on March 29, 2009 (Doc. 12, p. 3). Thus, on July 13, 2011, defendant filed a breach of contract action against plaintiff in this Court, distinct from the instant dispute, on the basis of diversity. *See K&S Assoc., Inc. v. Edwardsville Cmty. Unit School Dist. No. 7*, No. 11-cv-598-DRH-DGW.[1] In response, plaintiff filed the instant complaint in the Third Judicial Circuit, Madison County, Illinois on August 3, 2011 (Doc. 2-1). Evident from the instant dispute, defendant removed to this Court on September 2, 2011 (Doc. 2). Accordingly, pursuant to the forum selection clause and 28 U.S.C. § 1447(c), plaintiff motioned to remand to Madison County on October 3, 2011 (Doc. 11). Plaintiff also seeks its attorneys' fees and costs associated with removal pursuant to Section 1447(c). As

---

[1] 11-cv-598 has two pending motions relevant to the instant dispute. Plaintiff has filed a motion to dismiss based on reasoning similar to the instant motion to remand (Doc. 7). Additionally, defendant has filed a motion to consolidate 11-cv-598 with the current dispute (Doc. 16).

defendant responded on November 7, 2011, the motion is ripe for resolution (Doc. 18).

## II. ARGUMENTS

Plaintiff argues both procedural and substantive bases necessitate remand. Procedurally, plaintiff argues defendant did not meet the requirements of 28 U.S.C. § 1446(a), as it did not attach a "copy of all papers and pleadings that [had] been filed and served in the State Court Action," to its notice of removal (Doc. 12, p. 4). Defendant did not attach a copy of the relevant contract containing the forum selection clause to its notice of removal, despite its alleged attachment to the summons and complaint served on defendant. Plaintiff argues this significant defect in the removal procedure necessitates remand, irrespective of the forum selection clause (Doc. 12, p. 6).

Substantively, plaintiff argues the forum selection clause mandates Madison County as the proper forum for disputes arising under the contract. Plaintiff relies on the contractual language, as it states Madison County "shall" be the forum for "any" disputes arising from the contract (Doc. 12, p. 7) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972); *Paper Express Ltd. v. Pfankuch Maschinen*, 972 F.2d 753, 755 (7th Cir. 1992)). Further, plaintiff argues the clause is valid and enforceable, as under Illinois law, "a forum selection clause is enforceable except in exceptional circumstances" (Doc. 12, p. 7) (citing *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 252 (7th Cir. 1996)).

Plaintiff points to numerous factors in support of its contention that no exceptional circumstances warrant non-enforcement of the clause. As defendant is a corporation that negotiates contracts in the regular course of its business, plaintiff cites to the parties' relative bargaining power. Further, plaintiff argues defendant foresaw enforcement of the clause at the time of the $21,141,000.00 contract's acceptance. Moreover, plaintiff argues Madison County is a court of competent jurisdiction physically located less than twenty miles from this Court. Accordingly, plaintiff argues enforcement of the clause will not deprive defendant of its day in court (Doc. 12, pp. 9-10).

Additionally, plaintiff argues the fact the parties' agreement arose from a public bidding process does not render the clause unenforceable. As courts have rejected the contention that forum selection clauses within contracts of adhesion are unenforceable based on their "take-it-or-leave-it" nature alone, plaintiff states the clause at issue is similarly enforceable. Plaintiff argues as defendant freely entered into the contract, the fact it "was a publicly bid construction project and not negotiated," does not require the Court to hold it unenforceable (Doc. 12, p. 10) (citing *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759 (7th Cir. 2006)). Thus, as the parties are of similar bargaining power and the clause did not result from traditional contractual infirmities such as fraud or mistake, plaintiff argues it is valid and enforceable (Doc. 12, p. 8) (citing *Bremen*, 407 U.S. at 18-19; *Roberts,* 99 F.3d at 254; *MAC Funding Corp. v. Five Star Laser, Inc.,* No. 10-cv-1743, 2010 WL 4386860, *3 (N.D. Ill. Oct. 28, 2010)).

In response to plaintiff's procedural argument, defendant argues inexplicably, the complaint plaintiff served on it did not have the relevant contract attached. Further, as a copy of the contract was previously before the Court pursuant to defendant's filing of *K&S Assoc., Inc.*, No. 11-cv-598, defendant argues the contract's omission from the notice of removal constitutes a "minor irregularity of no consequence" (Doc. 18, pp. 3-4) (citing *Riehl v. Nat'l Mut. Ins. Co.*, 374 F.2d 739, 741 (7th Cir. 1967)).

Substantively, defendant incorporates its arguments made in opposition to the motion to dismiss currently pending in *K&S Assoc., Inc.,* No. 11-cv-598. Generally, defendant argues the Court should not enforce the forum selection clause, as it resulted from the unequal bargaining power of the parties (No. 11-cv-598, Doc. 21).

Plaintiff awarded defendant the relevant contract through a public bidding process. Specifically, defendant argues the Illinois School Code forbid it from negotiating the terms of the contract. Defendant relies on 105 ILL. COMP. STAT. 5/10-20.21 (2010), which requires school boards "[t]o award all contracts for purchases of supplies, materials or work . . . involving an expenditure in excess of $25,000 or a lower amount as required by board policy to the lowest responsible bidder, considering conformity with specifications, terms of delivery, quality and serviceability, after due advertisement" (No.11-cv-598, Doc. 21, p. 2). Moreover, 105 ILL. COMP. STAT. 5/10-20.21 also states, "[a]ll competitive bids for contracts involving an expenditure in excess of $25,000 or a lower amount as

required by board policy must be sealed by the bidder and be opened by a member or employee of the school board at a public bid opening at which the contents of the bids must be announced." Defendant cites to this statute in support of its contention that negotiation of the terms of the bid would have made the contract's award to defendant "illegal" (No. 11-cv-598, Doc. 21, p. 2).

Further, defendant argues the "bid package" submitted to all bidders included a document labeled "Instructions to Bidders," which stated, "the general contract will be awarded to the lowest responsible and eligible general bidder complying with the conditions and requirements provided in these instructions, the bid forms and other bid documents" (No. 11-cv-598, Doc. 21, p. 2). Accordingly, citing to Illinois case law holding, "bids must conform to the advertised requirements of the invitation to bid," defendant argues negotiation of the contract's terms was legally impossible (No. 11-cv-598, Doc. 21, p. 3) (citing *Leo Michuda & Son Co. v. Metro. Sanitary Dist. of Greater Chicago*, 422 N.E.2d 1078, 1082 (Ill. App. Ct. 1981)).

Thus, defendant argues due to the terms of the "bid package" and pursuant to Illinois law, it was "not legally permitted to negotiate the terms of the draft construction contract, including the venue selection clause, that was contained in the Bid Package" (No. 11-cv-598, Doc. 21, p. 3). Therefore, in reliance on Florida and Idaho case law, defendant argues the Court should not enforce the forum selection clause as it "was the product of overwhelming bargaining power which completely deprived [it] of the right to bargain or negotiate" (No. 11-cv-598, Doc.

21, pp. 6-9) (citing *Manrique v. Fabbri*, 493 So.2d 437 (Fla. 1986); *Maritime Ltd. P'ship v. Greenman Adver. Assoc., Inc.,* 455 So.2d 1121 (Fla. Dist. Ct. App. 1984); *Cerami-Kote, Inc. v. Energywave Corp.*, 773 P.2d 1143 (Idaho 1989)).

### III. <u>ANALYSIS</u>

#### 1. Procedural Defect Insignificant

Procedurally, plaintiff argues remand is warranted due to defendant's failure to attach a copy of the relevant contract to its notice of removal in violation of 28 U.S.C. § 1446(a). Under 28 U.S.C. § 1446(a), a defendant seeking removal must file a notice of removal together with "a copy of all process, pleadings, and orders served upon such defendant or defendants." As plaintiff allegedly attached the construction contract to the complaint it served on defendant, plaintiff argues its omission from the notice of removal warrants remand.

In support, plaintiff cites to *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prod. Liab. Litig.*, 692 F. Supp. 2d 1025 (S.D. Ill. 2010), a decision of this Court holding the defendants' failure to attach a copy of the summons to its notice of removal a minor defect that was not prejudicial to the plaintiff. As the defect was curable, this Court held remand was unnecessary. *Id.* at 1030 (citing *Riehl,* 374 F.2d at 741). Plaintiff distinguishes the instant allegations from the facts of *In re Yasmin*, as defendant failed to attach not merely the summons, but a contract allegedly mandating the illegality of the instant dispute's removal.

The Court finds defendant's failure to attach the relevant contract to its notice of removal a "minor irregularity of no consequence." *Riehl*, 374 F.2d at 742. In *Riehl,* the Seventh Circuit explained the purpose of 28 U.S.C. 1446(a) is "to provide the district court with the record materials necessary to enable the court and the litigants to delineate the issues to be tried." *Id.* The Seventh Circuit further clarified that when this purpose is "neither frustrated nor unfulfilled," the omission of certain pertinent documents from the notice of removal will not defeat the district court's ability to obtain jurisdiction over the removed case. *Id.*

Plaintiff notes the contract's importance to the fundamental legality of defendant's removal. Plaintiff also alludes to the suspicious nature of the contract's omission. Defendant cites to the contract's presence before the court through the filing of motions in *K&S Assoc.*, *Inc.,* No. 11-cv-598 (No. 11-cv-598, Doc. 9). The Court similarly notes the suspicion surrounding defendant's failure to attach the contract to the its notice of removal, especially as the contract's presence before the Court in *K&S Assoc.*, *Inc.,* No. 11-cv-598, is attributed entirely to plaintiff. Nevertheless, the relevant contract is before the Court. Moreover, the Court finds remand necessitated on other grounds. Accordingly, as the contract is before the Court, the Court finds the contract's omission did not frustrate the purpose of 28 U.S.C. § 1446(a). Thus, the Court finds the contract's omission a "minor irregularity of no consequence," not necessitating remand. *Riehl*, 374 F.2d at 742.

## 2. Remand Appropriate due to Valid Forum Selection Clause Valid

### a. Legal Standard

Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under Section 1446(a)." Plaintiff's motion for remand is timely. Defendant filed its notice of removal on September 2, 2011 (Doc. 2). Plaintiff filed the instant motion on Monday, October 3, 2011, within 30 days of defendant's filing of the notice. Accordingly, plaintiff's use of Section 1447(c) as a vehicle for remand is proper.

### b. Governing Law

Plaintiff notes that under the relevant contract, the parties agreed that Illinois law would govern its terms (*See* Doc. 11-4, p. 2, § 13.1.1).[2] However, plaintiff cites both federal common law and Illinois law for its contention the Court should find the forum selection clause valid and enforceable. Interestingly, defendant relies on Florida and Idaho law for its contention the Court should not uphold the validity of the forum selection clause, as the laws of Illinois made it "illegal" for defendant to both negotiate the terms of the contract and receive its award.

---

[2] The contract states it "shall be governed by the law of the place where the Project is located." The Project was indisputably located in Illinois. Further, although defendant cites to Florida and Idaho case law, it cites to Illinois statutes as forming the basis of its contention that negotiation of the contract's terms was legally foreclosed to it. Thus, the Court finds the parties do not dispute the validity of the choice-of-law clause.

The Seventh Circuit previously reserved judgment as to whether federal common law or state law applies to the validity of a forum selection clause when, as here, there is no transfer order under 28 U.S.C. § 1404(a) at issue. *See IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 612 (7th Cir. 2006). However, subsequent developments clarify that "the validity of a forum-selection clause depends on the law of the jurisdiction whose rules will govern the rest of the dispute." *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008) (citing *Abbott Labs. v. Takeda Pharm. Co.*, 476 F.3d 421 (7th Cir. 2007)); *see also E & J Gallo Winery v. Andina Licores S.A.,* 446 F.3d 984, 994 (9th Cir. 2006) (stating, "[t]he contract clearly contains a California choice-of-law clause; thus, the validity of the forum selection clause should be decided by California law, as the law of the contract"). Thus, pursuant to the contract's choice-of-law clause, the Court relies on Illinois law to determine the forum selection clause's validity.

Notably, the Seventh Circuit has relevantly acknowledged that, "[a]t the black-letter level, Illinois law concerning the validity of forum selection clauses is materially the same as federal law." *Aliano Bros.,* 437 F.3d at 612 (citing *Calanca v. D & S Mfg. Co.,* 510 N.E.2d 21, 23 (Ill. App. Ct. 1987)). For example, Illinois law mirrors the federal common law approach of *Bremen*, as it holds "[a] forum selection clause is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." *Calanca*, 510 N.E.2d at 23 (citing *Bremen*, 407 U.S. at 10). The

only relevant discrepancy results from "a significant inequality of size or commercial sophistication between the parties, especially if the transaction is so small that the unsophisticated party might not be expected to be careful about reading boilerplate provisions that would come into play only in the event of a lawsuit, normally a remote possibility." *Aliano Bros.*, 437 F.3d at 612 (citing *Mellon First United Leasing v. Hansen*, 705 N.E.2d 121, 125-26 (Ill. App. Ct. 1998)). In this instance, Illinois law is more lenient toward the less sophisticated party seeking non-enforcement of the clause. *Id.* Thus, although the Court has determined Illinois law governs the outcome of the instant dispute, assuming the parties are of similar commercial sophistication, application of either federal common law or Illinois law would lead to corresponding results.

### c. Forum Selection Clause Valid Under Illinois Law

Before commenting on its enforceability, the Court must determine whether the forum selection clause is mandatory or permissive. The clause states, "[t]he parties agree that the forum for any judicial proceedings, if any, shall be the Madison County Circuit Court" (Doc. 11-2, p. 10). Plainly, this covers a wide range of disputes, namely, all of the disputes arising from the contract. Moreover, the word "shall" dictates that Madison County is the only appropriate dispute forum. Thus, the clause is mandatory. *See Calanca,* 510 N.E.2d at 22-23 (stating, the word "shall" indicates the mandatory nature of a forum selection clause).

As the Court has determined the clause is mandatory, it now turns to whether it is in enforceable based on defendant's allegations to the contrary. Illinois law holds "a forum selection clause is enforceable except in exceptional circumstances." *Roberts*, 99 F.3d at 252 (citing *Calanca*, 510 N.E.2d at 23). Therefore, the party opposing enforcement of the clause must demonstrate that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Compass Envtl., Inc. v. Polu Kai Servs., L.L.C.*, 882 N.E.2d 1149, 1156 (Ill. App. Ct. 2008) (citing *Calanca*, 510 N.E.2d at 23). Determination of the clause's reasonableness requires consideration of,

> (1) the law that governs the formation and construction of the contract, (2) the residency of the parties, (3) the place of execution and/or performance of the contract, (4) the location of the parties and their witnesses, (5) the convenience to the parties of any particular location, and (6) whether the clause was equally bargained for.

*Id.* (citing *Yamada Corp. v. Yasuda Fire & Marine Ins. Co. Ltd.*, 712 N.E.2d 926, 931 (Ill. App. Ct. 2008)).

Application of the relevant factors to the instant dispute demonstrates the clause is valid and enforceable. The first factor favors plaintiff, as the contract holds Illinois law governs its terms. The second factor weighs slightly in favor of defendant, as defendant is a resident of Missouri, while plaintiff is a resident of Illinois. As the contract's performance took place entirely in Madison County, the third factor weighs heavily in favor of plaintiff. The fourth factor similarly favors plaintiff, as the mandated forum is located less than twenty miles from the

location of the instant dispute. Given the similar locations of the instant forum and the mandated forum, the fifth factor also favors plaintiff.

The sixth factor, whether the clause was equally bargained for, represents the crux of defendant's argument. Defendant argues the cited Illinois statutes forbid it from negotiating the forum selection clause. However, under Illinois law, "the fact that [defendant] did not object to or attempt to negotiate the clause is no reason to invalidate it." *Id.* (quoting *IFC Credit Corp. v. Rieker Shoe Corp.*, 881 N.E.2d 382, 391 (Ill. App. Ct. 2007)). Illinois courts consistently uphold forum selection agreements between experienced business people. *See id.* at 1157 (citing *Rieker*, 881 N.E.2d at 393; *Aon Corp. v. Utley*, 863 N.E.2d 701, 707 (Ill. App. Ct. 2006); *Dace Int'l, Inc. v. Apple Computer, Inc.,* 655 N.E.2d 974, 978 (Ill. App. Ct. 1995); *Calanca*, 510 N.E.2d at 23-24).

As previously discussed, there is only one relevant distinction between federal common law and Illinois law concerning enforcement of forum selection clauses. Illinois courts are slightly more favorable toward parties of significantly less commercial sophistication, especially when the relevant agreement encompasses a small transaction in the marketplace. *See Mellon*, 705 N.E.2d at 125-26. In *Mellon*, the plaintiff, a California resident, did not sign the relevant leasing agreement at the defendant's California office until after the terms were set. Moreover, the defendant made no mention of the Illinois forum selection clause, located on the back of a preprinted form in small typeface, and did not give the plaintiff a copy of the lease until years later.

In refusing to enforce the clause, the Illinois appellate court noted, "it [did] not appear that the clause was reached through arm's-length negotiation between experienced businesspersons of the same stature." *Id.* at 125. The court found the plaintiff akin to an ordinary consumer involved in a small transaction, as opposed to a sophisticated businessperson of similar stature to the leasing company. *Id.* Further, the dealings between the parties did not alert the plaintiff to the possibility of litigation in Illinois. *Id.* Accordingly, the court declined enforcement of the clause holding otherwise would prove unfair and unreasonable. *Id.* at 126.

The facts of the instant dispute are distinguishable from *Mellon*. Defendant is an experienced business entity of similar stature to plaintiff. Moreover, the agreement contemplated a sum of over $21,000,000.00., not the type of small marketplace transaction referred to in *Mellon.* Importantly, defendant had every reason to foresee litigation in Madison County, where the parties centered the entirety of their performance. Defendant argues its inability to negotiate the general terms of the contract require the court to render the specific forum selection clause unenforceable. However, Illinois courts focus on the relative sophistication of the parties, not whether the parties specifically bargained for the forum selection clause. Defendant is indisputably an experienced business entity that freely entered into an agreement worth over $21,000,000.00. Accordingly, based on defendant's sophistication and the clause's fundamental reasonableness, its enforcement is not unfair or unreasonable.

Defendant relies on case law of Florida and Idaho in contending that the Court should disregard the mandatory forum selection clause. Notwithstanding the Court's determination that Illinois law controls the instant dispute, the cases defendant cites are unpersuasive to its position.

In *Manrique*, the Supreme Court of Florida upheld the enforcement of a forum selection clause mandating the Netherlands as the proper forum for all disputes arising under the contract. *See Manrique,* 493 So.2d at 440. Defendant points to certain passages of *Manrique* that discuss "freely negotiated private agreement[s]" and the need to "refus[e] to enforce those forum selection provisions which are unreasonable or result from unequal bargaining power." *Id.* Defendant interprets this language as requiring the Court to disregard terms not actively negotiated. However, *Manrique* makes clear it is adopting the views of the Supreme Court in *Bremen*, holding enforcement of forum selection clauses warranted unless the opposing party "can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 439.

Further, defendant cites to *Maritime* which also upheld a forum selection clause. *See Maritime,* 455 So.2d at 1123. The *Maritime* Court, through its interpretation of *Bremen*, determined three factors required consideration: 1. whether the chosen forum resulted from overreaching, 2. whether enforcement would contravene a strong public policy enunciated by statute, and 3. whether the purpose was to transfer an essentially local dispute to a remote and alien forum

in order to inconvenience one party. *Id.* Ultimately, the court in *Maritime* held these factors warranted the clause's enforcement, as the parties were both professional entities, the clause did not implicate a statement of public policy, and the forum was not remote as one party was located in Florida, the contractually selected forum, and one in South Carolina. *Id.*

Defendant cites to the first factor, overreaching, as requiring this Court to decline enforcement of the forum selection clause. However, defendant cites no cases declining enforcement of a forum selection clause based on this reasoning. In fact, the only case plaintiff cites declining enforcement of a forum selection clause is *Cerami-Kote. See Cerami-Kote*, 773 P.2d at 1147. The *Cerami* Court declined enforcement of a forum selection clause due to an Idaho statute holding forum selection clauses invalid if the chosen venue does not bear a substantial relationship to the parties or transaction. *Id.* at 1146.

Application of the holdings of these cases bolsters the Court's determination that the forum selection clause at issue is reasonable. The holding of *Manrique* mirrors the views of the Illinois courts; namely, the test for enforcement of forum selection clauses is one of fundamental reasonableness. Moreover, the facts at issue are comparable to those of *Maritime*, as the parties are professional entities, the clause does not implicate a statement of public policy, and the contractually chosen forum is clearly convenient. Further, the holding of *Cerami-Kote* is inapplicable as a similar Illinois statute is not before the Court. To that end, assuming a similar Illinois statute was at issue, it would

not render the clause unenforceable, as the selected forum clearly bears a substantial relationship to the parties. Accordingly, defendant cites only to non-binding and unpersuasive case law.

In sum, the forum selection clause is reasonable and enforceable under Illinois law. Defendant has not carried its burden of demonstrating the clause is so unreasonable as to practically deprive it of its day in court. As plaintiff argues, defendant is a corporation that negotiates large and lucrative contracts in the regular course of its business. As such, it is of similar commercial sophistication to plaintiff. Moreover, as federal common law is arguably more inclined to uphold forum selection clauses than Illinois law, the Court would similarly uphold the forum selection clause under federal common law.

As previously stressed, defendant's performance took place entirely in Madison County. Defendant cannot argue Madison County is an inconvenient forum. Pertaining to defendant's arguments that negotiation was effectively "illegal," Illinois courts have established the fact that the parties did not specifically negotiate a forum selection clause is not reason enough to render it unenforceable. Defendant has not cited to "exceptional circumstances" warranting non-enforcement of the clause. Accordingly, the Court finds the forum selection clause reasonable and enforceable. Thus, the case is remanded to the Third Judicial Circuit, Madison County, Illinois.

### d. The Court Denies Plaintiff's Request for Attorneys' Fees and Costs Under 1447(c)

As 28 U.S.C. § 1447(c) states, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," plaintiff requests that the Court award it its attorneys' fees and actual costs and expenses incurred in relation to the instant proceedings (Doc. 12, p. 11). In *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 138 (2005), the Supreme Court rejected the Seventh Circuit's prior approach of holding plaintiffs presumptively entitled to an award of fees upon remand. Instead, the Supreme Court held that plaintiffs are entitled to attorneys' fees under Section 1447(c) only if the defendant "lacked an objectively reasonable basis for seeking removal." *Id.* A defendant has an objectively reasonable basis for removal assuming "clearly established law" did not foreclose its basis for removal. *Wolf v. Kennelly,* 574 F.3d 406, 412 (7th Cir. 2009). Although the Court finds the forum selection clause is valid and enforceable, it does not find that clearly established law foreclosed defendant's basis for removal. Accordingly, plaintiff's request for attorneys' fees and costs is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion (Doc. 11) and this matter is **REMANDED** to the Third Judicial Circuit, Madison County, Illinois. Further, plaintiff's request for attorneys' fees and costs in **DENIED**.

**IT IS SO ORDERED.**

Signed this 10th day of January, 2012.

David R. Herndon
2012.01.10
11:17:20 -06'00'

**Chief Judge**
**United States District Court**